UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK ANCONA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:10-cv-00626-RWS |
| | ) |
| MARK TEMPLETON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff opposes the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for the following reasons:

**Introduction**

Defendants' Memorandum in Support is littered with, and premised upon, numerous facts that are not established in the record and are contested. Specifically, Plaintiff disputes Defendants' contentions that they complied with the Temporary Restraining Order issued on April 15, 2010, and that Plaintiff failed to use Fort Davidson Historical Site on June 13, 2010. According to the information available to Plaintiff, Defendants do not require all other park users to post a damage deposit or secure liability insurance. Plaintiff did hold a private event at the Site on June 13, 2010. Similarly, Defendants' assertion that there are no current denials of use permits requested by Plaintiff is a misleading basis for suggesting mootness or lack of standing. Plaintiff has received a special activity permit for October 3, 2010; however, the permit requires him to comply with the insurance requirement, which he asserts is unconstitutional, and "all rules and regulations posted by the Missouri Department of Natural Resources," which implicates the other constitutional questions raised in this case.

1

In addition to lacking a factual basis, Defendants' motion should be denied as a matter of law.  Plaintiff asserts that the policies enforced against him are unconstitutional.  He asserts that Defendants, state officials acting under color of state law, are enforcing the policies.  He seeks a declaration, under 42 U.S.C. § 1983, that the challenged policies are invalid and an injunction against their enforcement.  Plaintiff's claims are not moot and there is a live case in controversy.

## Argument

**I.   Defendants' motion to dismiss should be denied because it is based on facts not appearing in the record.**

Under Local Rule 4.01, "[i]f the motion requires consideration of facts not appearing in the record, the party also shall file all documentary evidence relied upon."  Defendants' motion is premised on the truth of several disputed facts.  The facts do not appear in the record.  Defendants have filed no documentary evidence in support of their factual assertions.  Accordingly, the motion should be denied for a failure to comply with E.D.Mo. L.R. 4.01.

In addition, the motion should be denied because Defendants do not meet Rule 56 standards. "Rule 12 requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when the court considers matters outside the pleadings." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).  Defendants' motion is brought pursuant to Rule 12(b)(6) and granting the motion would require the court to consider matters outside the pleadings.  Under these circumstances, "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12. Defendants have not "attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations[,]" so Plaintiff is not able to present material pertinent to the motion.  Thus, the motion to dismiss should be denied.

2

**II.     The Court should not consider facts outside the pleadings on a Rule 12(b)(6) motion.**

When deciding a motion to dismiss under Rule 12(b)(6), courts must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." *McAuley v. Federal Ins. Co.,* 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). Notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. *Romine v. Acxiom Corp.,* 296 F.3d 701, 711 (8th Cir. 2002).

**III.    Plaintiff's claims are not subject to dismissal under Rule 12(b)(6).**

Plaintiff's first amended complaint alleges that Defendants violated the constitution by denying him a permit based on his viewpoint and the content of his speech, by imposing a discretionary liability insurance requirement on him that places a greater burden on political speech about public issues than upon other speech, by imposing a discretionary damage deposit upon him, and by restricting the distribution of handbills in a park. Based on the allegations in the first amended complaint and reasonable inferences from those allegations, Plaintiff has stated a cause of action upon which relief can be granted.

   **A.    Plaintiff's claims are not moot.**

While Defendants have been willing to lift the absolute bar on Plaintiff holding any event at the Site, it is only because this Court entered a temporary restraining order. There is no evidence of any change in <u>any</u> of the policies or customs that Plaintiff has challenged or any reason to believe that if this case was dismissed Defendants would not return to the practices they defended at the hearing on the temporary restraining order. When Defendants appear to claim to have voluntarily changed or discontinued some of their allegedly unconstitutional

activities, a case is not rendered moot unless the party asserting mootness meets the heavy burden of demonstrating that there is no reasonable expectation that the wrong will be repeated or that the challenged conduct will not start up again. *Adarand Constructors*, *Inc. v. Slater*, 528 U.S. 216, 222 (2000); *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). A purported "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 609 (2001) (quotations omitted). "The 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Ass'n,* 393 U.S. 199, 203 (1968)). In this case there is no such evidence.

Defendants are still enforcing challenged policies against Plaintiff. Plaintiff was recently issued a special event activity permit for October 3, 2010. On its face, the permit indicates that Plaintiff will be required to comply with the challenged insurance requirement. It also indicates that "all rules and regulations posted by the Missouri Department of Natural Resources" and purports to regulate the distribution of handbills within the park. There is no authority for finding Plaintiff's challenges to policy moot while Defendants are actively enforcing those policies against him.

### B. Plaintiff has standing.

It is certainly true that litigants must have standing under the case-or-controversy requirement of Article III, § 2 of the Constitution. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (citing *Northeast Fla. Ch., Assoc. Gen. Contractors of Am. v.*

*Jacksonville*, 508 U.S. 656, 663-64 (1986)).  Standing is established by demonstrating that a party has suffered an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  *Lujan v Defenders of Wildlife*, 504 US 555, 560 (1992).

      Plaintiff makes a concrete and particularized claim that he has been injured (and continues to be injured) by Defendants' continued violation of his First Amendment rights.  Despite the temporary restraining order, Plaintiff was injured when he was required to post a discretionary security deposit not charged to others and, most significantly, when he has been unable to hold an event open to the public because of Defendants' insistence that he secure an expensive liability insurance policy that is not required for all other persons holding public events at the Site.  He was also injured when he spent funds on an insurance policy that Defendants deemed inadequate—even though it is more than required for other public events.  He will be injured yet again on October 3, 2010, when he is forced to either comply with challenged policies or cancel his event.  In addition, Defendants continue to purport to regulate the distribution of handbills in the park.

**Conclusion**

The motion to dismiss should be denied for failure to comply with applicable rules. In the alternative, because the motion requires consideration of matters outside the pleadings, the Court should consider it only after converting it to a motion for summary judgment and affording Plaintiff an adequate opportunity to conduct discovery before requiring him to respond.[1] In any case, however, dismissal is inappropriate because this case is not moot and Plaintiff has standing.

Respectfully submitted,

By: *s/ Anthony E. Rothert*

Anthony E. Rothert
American Civil Liberties
           Union of Eastern Missouri
454 Whittier Street
St. Louis, MO 63108

/s/ Robert L. King
Robert L. King
365 Alta Dena Court
St. Louis, MO 63130
Direct: (314) 863-6902
Fax: (314) 863-7902

*Attorneys for Plaintiff*

---

[1] If the Court indicates it is inclined to convert Defendants' motion to dismiss to a motion for summary judgment, Plaintiff anticipates filing a motion and affidavit pursuant to FRCP 56(f).

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was made available electronically to the following electronic filing participants:

Dana W. Tucker
Assistant Attorney General
P.O. Box 861
St. Louis, Missouri 63188

/s/ Anthony E. Rothert