UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK ANCONA, )<br>    )<br>     Plaintiff, )<br>    )<br>  vs. )<br>    )<br>MARK TEMPLETON, et al., )<br>    )<br>     Defendants. ) | Case No. 4:10CV626 RWS |

## ORDER

Plaintiff Ancona has been attempting to rent the large pavilion at the Fort Davidson State Historical Site near Pilot Knob, Missouri. He wants to hold a Ku Klux Klan special event at the pavilion where he would hand out fliers to interested members of the public and have games and prizes for children which would be open to the public. Ancona challenges Defendant's requirements for a special event permit for use of the pavilion. He asserts that requirements are not uniformly imposed on other groups wanting to use the pavilion. He alleges that the requirements are being imposed on his organization in an effort to discourage his right to free speech and his right to peaceful assembly in violation of the First Amendment to the United States Constitution.

Defendants have moved to dismiss the claim arguing there is not a pending request to use the site and because Ancona does not have standing to assert his claims.

I note that Defendants' motion asserts facts that are outside of the pleadings. Usually the inclusion of such facts would convert this motion to a motion for summary judgment. However, in the interest of judicial economy I will consider facts outside the pleadings submitted from both

parties in reaching my decision.

In the complaint Ancona alleges that a significant obstacle in the permit process is the requirement that he provide a damage deposit and proof of insurance for the event he wants to hold at the pavilion. Defendants' assert that the case is moot because the day that Ancona had sought to use the site has come and gone. But I find that the Ancona's allegations are not moot because he will be subjected to the same requirements any time he seeks to use the site for a Ku Klux Klan event. In addition, Ancona has requested a special permit to use the pavilion on October 3, 2010. As a result, Ancona's claims are not moot.

Defendants also challenge Ancona's standing to bring this lawsuit because the underlying claim is moot. Based on my determination above that the claim is not moot, Defendants' challenge to standing is without a factual basis.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to dismiss [#29] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants shall have until **September 17, 2010** to file an answer.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2010.