UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FRANK ANCONA,                 )
                                     )
           Plaintiff,          )
                                       )
        vs.                     )        Case No. 4:10CV626 RWS
                                       )
MARK TEMPLETON, et al.,      )
                                       )
           Defendants.       )

## MEMORANDUM AND ORDER

Plaintiff Frank Ancona is the Imperial Wizard of the Traditionalist American Knights of the Ku Klux Klan. He sought to rent a pavilion at historic Fort Davidson in Iron County, Missouri for a Ku Klux Klan organization event. Defendants, who are Missouri Division of State Parks officials, denied Ancona's request to use the facilities. Ancona filed this lawsuit challenging the park officials' decision. I issued a temporary restraining order which directed park officials to issue Ancona a permit to use the pavilion subject to all the requirements placed on any organization who rents the pavilion for a similar event. Ancona then filed an amended complaint challenging the Division of State Parks' permit policies. In response to Ancona's concerns, park officials amended and clarified the permit requirements. I granted Defendants' motion for summary judgment because the amendments that Defendants made to the permit requirements caused Ancona's claims to become moot.

Ancona has filed a motion to recover his attorney's fees and costs in this matter. His complaint was brought under 42 U.S.C. § 1983 against state actors. Section 1988(b) of 42 U.S.C. provides that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the

prevailing party ... a reasonable attorney's fee as part of the costs...."  Although Ancona's complaint was ultimately dismissed, he did obtain a TRO in the case and his subsequent litigation caused Defendants to materially change the process to issue permits for the use of Missouri state park facilities.  Ancona asserts that the result he obtained in this lawsuit makes him a prevailing party entitled to attorney's fees under § 1988.

A plaintiff may be deemed a prevailing party if: (1) he has obtained a court-ordered change in the relationship between the plaintiff and the defendant; (2) the order was in favor of the plaintiff; and (3) the plaintiff has obtained judicial relief.  Rogers Group, Inc. v. City of Fayetteville, Ark., 683 F.3d 903, 910 (8th Cir. 2012)(finding plaintiff who received a preliminary injunction was a prevailing party even though the case was ultimately dismissed as moot).  I find that Ancona meets the standard of a prevailing party.  He received a TRO in his favor which reversed Defendants' refusal to issue Ancona a permit to use park facilities.  He obtained the judicial relief he sought.  He continued to litigate the case to the summary judgment stage.  While Ancona's motion for summary judgment was pending, Defendants materially revised their permit policies which ultimately mooted the basis of Ancona's lawsuit.

Ancona seeks attorney's fees and costs incurred through March 28, 2011, the date Defendants revised their permit policies.  The TRO issued in this case on April 15, 2010, did not finally resolve Ancona's claims in this case.  His claims continued to be viable and litigated until Defendants' permit amendments were ultimately deemed to have made Ancona's claims moot.  Ancona's continued litigation of this case after the TRO was issued clearly was a motivating force in Defendants' implementation of the revised permit policies almost a year after the TRO was issued.  Although Ancona incurred additional significant attorney's fees and expenses after

-2-

March 28, 2011,  he does not seek an award of those additional fees and expenses.

Courts have allowed a plaintiff, as the prevailing party, to be awarded attorney's fee for the full duration of a lawsuit in which a preliminary injunction was granted even though the case was later dismissed as moot based on the defendant's subsequent actions.  See People Against Police Violence v. City of Pittsburgh, 520 F.3d 226, 236 (3rd Cir. 2008).  I find that an award to Ancona of his of attorneys fees and expenses incurred through March 28, 2011, to be reasonable.

"Attorneys' fees are awarded in accordance with the method outlined in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under Hensley, the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, or the lodestar amount. 461 U.S. at 433. At that point, other factors may lead the district court to adjust the fee upward or downward, including the important factor of the results obtained. Id. at 434. This factor is particularly crucial where a plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief. Id."  Marez v. Saint-Gobain Containers, Inc.,688 F.3d 958, 965 (8th Cir. 2012)(internal quotations omitted)

Ancona seeks total attorney's fees in the amount of $52,197.50 and expenses / costs in the amount of $2,281.74.  The hourly rates of Ancona's attorneys are: Anthony Rothert - $225.00; Robert King - $400.00; and Grant Doty - $200.00.  Mr. Rother is the legal director of the American Civil Liberties Union of Eastern Missouri.  He was the lead counsel for Ancona and performed most of the legal work in this matter.  The rate of attorney's fees is reasonable if it is "within the general rates charged for a particular service in the relevant [legal] community." Moore v. City of Des Moines, Iowa, 766 F.2d 343, 346 (8th Cir. 1985).

I find that Mr. Rothert's rate of $225.00 per hour is reasonable in the St. Louis legal community for the services he rendered in this case.  However, I find that Mr. King's rate of $400.00 is excessive.  A review of his billing statements indicates that his role was primarily confined to reviewing documents and attending meetings.  Based on this role I find his hourly rate should be no more than Legal Director of the ACLU's Anthony Rothert's rate of $225.00 per hour.  Mr. Doty's rate of $200.00 per hour is reasonable.

Of the $52,197.50 of attorney's fees sought, $9,360.00 of it is attributed to Mr. King's fees at $400.00 per hour for 23.4 hours.  Recalculating this fee at the rate $225.00 per hour yields a fee request for Mr. King of $5,265.00.  Adjusting the total fee request by the reduction of Mr. King's rate yields a net request of $48,102.50.[1]

Upon review of the attorneys' time sheets I find several entries which are overlapping and duplicative.  The attorneys are billing to prepare or to review the same documents and for preparing and attending the same deposition.  Although such duplicative effort is not automatically cause for a fee reduction,  I find that a reduction of the fees request by 10% is reasonable to account for any duplicative efforts.  As a result I will grant attorney's fees in the amount of $43,292.25.

Ancona also seeks expenses in the amount of $1,931.74 and costs for a filing fee of $350.00 for a total of $2,281.74.  Reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys are included in an award of attorney's fees under § 1988. Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996).  Ancona seeks to recover expenses including his deposition fees, hearing transcripts, and a video digital transfer fee.  I find that these

---

[1] $52,197.50 - $9,360 + $5,265.00 = $48,102.50.

fees are reasonable out-of-pocket expenses.  Likewise, Ancona's request for costs of $350.00 for his filing fee is permitted under 28 U.S.C. § 1920.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Frank Ancona's motion for attorney's fees [#98] and his motion for costs [#101] are **GRANTED**.  Ancona is awarded attorney's fees in the amount of $43,292.25; expenses in the amount of $1,931.74; and costs in the amount of $350.00 for a total award of $45,573.99.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE


Dated this 20th day of September, 2012.